HARRISON BEAR, *Executor of the Will of*
JOSEPH BEAR, *Deceased*

*v.*

AMANDA BEAR PITZER, *et al.*

(No. 9991)

Submitted January 20, 1948. Decided March 30, 1948.

*A. H. Shipper,* for appellants.

*Wilbur H. Thomas* and *A. C. McIntire,* for appellee.

KENNA, JUDGE:

Joseph Bear, a resident of Berkeley County, died October 2, 1945, unmarried, leaving an estate valued at approximately $19,000.00 and composed of both personal and real property. His will, which was regularly probated, was dated March 9, 1927, and due to the fact that three brothers and one sister, named as beneficiaries, died after the date of the will and prior to the death of the testator and that the son of one sister who had died before the execution of the will and that one daughter of each of two sisters, the other children of whom were named beneficiaries, were omitted from its terms, the named executor, Harrison Bear, brought this proceeding in the Circuit Court of Berkeley County for the purpose of having the will under which he was acting, construed. The first paragraph of the will directs the named executor to reduce the entire estate to money. The second paragraph, the validity of which is not questioned, comprises the remainder of the will and contains the provisions construction of which is sought. That paragraph reads as follows:

> "Second:  I will, bequeath and devise unto my beloved Brothers and sisters, Charles Bear, Silas

L. Bear, Edward Bear, Harrison Bear, Eliza Bear Synder, Amanda Bear Pitzer, Jannie Bear Norris and to John Pitzer, Dolly Pitzer and Nellie Pitzer, children of my deceased sister Ella Bear Pitzer her share of my estate, and to Virgie Bear, Annie Bear and Sallie Bear, children of my deceased Brother Lewis H. Bear, his share in my estate. The shares to be divided equally between my Brothers and sisters living and the children of my deceased Brother and sister whose names I have written out above in this will."

By the decree entered June 25, 1947, the circuit court held that Code, 41-3-3, providing that upon the death of a legatee or devisee leaving issue who survive the testator such issue shall take the estate devised or bequeathed as the devisee or legatee would have done if he had survived the testator unless a different disposition thereof be made or required by the will, did not apply because the testator had otherwise disposed of his entire estate to the named legatees and devisees living at the time of his death, excluding the named legatees and devisees who had died after the execution of the will and before the death of the testator.

We are of the opinion that the Circuit Court of Berkeley County attached undue importance to the last sentence in the paragraph under consideration. That sentence reads: "The shares to be divided equally between my Brothers and sisters living and the children of my deceased Brother and sister whose names I have written out above in this will."

The language last quoted of course is a general provision the terms of which, in our opinion, conflict with the specific provisions preceding them in the same paragraph. Those specific provisions expressly provide that the three named children of Ella Bear Pitzer and the three named children of Lewis H. Bear shall take the share of their mother and father respectively, a *per stirpes* division, whereas the sentence quoted is to the effect that the shares shall be equally divided "between my Brothers and sisters living and the children of my deceased Brother

and sister whose names I have written out above in this will", plainly a *per capita* division. The specific provisions of a will control over a provision that is general in its nature. See *Behrens* v. *Baumann*, 66 W. Va. 56, 66 S. E. 5. See also 28 R. C. L. 218.

Based on the above observation, in our opinion the second of the two sentences in the paragraph under consideration is a general provision entirely out of keeping with the specific provisions immediately preceding, which, in plainly expressed language dispose of the testator's entire estate to the named beneficiaries, the nieces and nephews to divide the share of their parent, not each to receive a share equal to that of a brother or sister of the testator as stated in the paragraph's second sentence. Therefore, in our judgment, the second sentence is to be disregarded for the purpose of construction. Furthermore, we feel that this construction carries out what we believe was the purpose of the testator as expressed in the whole will. The testator having, with certain unexplained exceptions, named the children of a brother and of a sister, deceased at the time the will was prepared, we believe did not intend to disinherit the children of three brothers and one sister who died after the execution of the will. In our opinion it is clear that his main purpose was to make his brothers and sisters named in the will who were living at the time of his death equal beneficiaries, and to make the children of a brother or sister named in the will who was then dead, takers of the share their parent would have received if living. We cannot say why the testator did not name persons who were his equal kin with named beneficiaries. Neither can we adopt that omission as controlling the construction of the will.

The part of Code, 41-3-3, under consideration reads as follows:

> "If a devisee or legatee die before the testator, or be dead at the time of making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the

devisee or legatee would have done if he had survived the testator, unless a different disposition thereof be made or required by the will. * * *".

With the second sentence of the paragraph of the will under consideration not considered for the purpose of construction, the question of a different disposition of the testator's estate does not arise and the statute applies. Of course the statute applies only to legatees or devisees named in the will and does not affect nieces or nephews of the testator not made beneficiaries thereunder.

On the basis of the foregoing discussion the decree of the Circuit Court of Berkeley County is reversed and the cause is remanded for a decree awarding to Harrison Bear, one-seventh; to Amanda Bear Pitzer, one-seventh; to Jennie Bear Norris, one-seventh; to John Pitzer, one twenty-first; to Dolly Pitzer, one twenty-first; to Nellie Pitzer, one twenty-first; to Virgie Bear, one twenty-first; to Annie Bear, one twenty-first; to Sallie Bear, one twenty-first; and to the children of Eliza Bear Snyder and Charles Bear, each as a class, living at the time of the testator's death, one-seventh.

*Reversed and remanded.*